IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTAVIS PENDLETON, #247 017, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-199-WHA-CSC |
| | ) | [WO] |
| ACCESS SECURE & .COM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility, files this *pro se* Complaint under 42 U.S.C. § 1983. He names as defendants the Donaldson Correctional Facility and Access Secure.[1]  Plaintiff seeks to challenge matters associated with funds deposited into his prisoner money on deposit account.[2] Doc. 1. Upon review,

---

[1] Access Secure Deposits is a portal through which funds may be deposited into an inmate's prison account. *See*  http://www.doc.state.al.us/inmatemoney.

[2] Notably, Plaintiff indicates the actions about which he complains also occurred at the Ventress Correctional Facility. Doc. 1 at 2,  ¶II. The Complaint, however, in addition to naming the Donaldson Correctional Facility and Access Secure as defendants, appears to also implicate correctional officers who work on the A and B day and night shifts at Donaldson regarding the matter about which he complains. Doc. 1 at 2, ¶III. Thus, it appears that Plaintiff is primarily seeking to challenge incidents which are occurring or have occurred at Donaldson. Should Plaintiff seek to challenge conduct or actions which occurred during his incarceration at the Ventress Correctional Facility, he may file a separate civil action regarding such matters.

the Court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.[3]

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

Review of the Complaint reflects Plaintiff seeks to challenge events which occurred or are occurring at the Donaldson Correctional Facility. The Donaldson Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. And it appears most material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are in the Northern District of Alabama. In light of the foregoing and in accordance with applicable federal law, the

---

[3] Upon filing the Complaint, Plaintiff filed a motion in support of a request for leave to proceed *in forma pauperis*. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

Court concludes that in the interest of justice, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[4]

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).

Plaintiff may file an objection to the Recommendation **on or before April 14, 2021**. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.   This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[4]In transferring this case, the Court makes no determination with respect to the merits of the claims presented in the Complaint.

Done, this 31st day of March 2021.

                /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE